**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Ruth ZICREE, Harold Kaufman and Fredesvinda Mercedes Gonzalez, Defendants-Appellants.**

**No. 78–5613.**

United States Court of Appeals, Fifth Circuit.

Jan. 11, 1980.

---

Michael J. Osman, Miami, Fla., for Zicree and Kaufman.

Angus M. Stephens, Jr., Coral Gables, Fla., for Gonzalez.

Marsha L. Lyons, Joel N. Rosenthal, Asst. U. S. Attys., Miami, Fla., for plaintiff-appellee.

Before THORNBERRY, CHARLES CLARK and KRAVITCH, Circuit Judges.

On Petition for Rehearing

PER CURIAM:

Appellants Kaufman and Zicree's petition for a rehearing is hereby denied. In denying this petition, we would like to clarify a statement challenged by the appellants in the panel opinion, reported at 5 Cir., 605 F.2d 1381. To demonstrate that the evidence at trial was sufficient to sustain the appellants' convictions for mail fraud, we discussed the general background evidence that indicated the existence of a scheme to inflate patients' medical bills and the specific testimony of each patient related to a count upon which the appellants were convicted. *Id.* at 1384–86. The general background evidence included the testimony of Patricia Hope, who worked as a secretary for Kaufman. We summarized her testimony as follows: "She testified that Kaufman instructed her to record treatments for patients who did not actually receive them." *Id.* at 1385.

Appellants correctly contend that Hope did not testify that Kaufman gave her these specific instructions. Hope did testify, however, that the procedure in Kaufman's office was to record treatments for patients who did not actually receive them. Record, vol. 7, at 401. Hope testified that Kaufman specifically instructed her to leave spaces on the patients' records between the dates recorded for actual visits so that Kaufman could write in the spaces later. *Id.* at 410. Hope also testified that she overheard Kaufman telling patients to sign the register book on back dates so that the register would show more treatments for the patients than they actually received. *Id.* at 429. This testimony provides ample background evidence to indicate the existence of a scheme to inflate medical bills. This background evidence, together with the specific testimony of the patients who said that appellants billed them for many more visits than the patients actually received, shows that the evidence at trial was sufficient to sustain the appellants' convictions.

In all other respects the petition for rehearing filed by appellants Kaufman and Zicree is DENIED. The petition for rehearing filed by appellant Gonzalez is also DENIED.